UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANTHONY LEE HALL,

              Plaintiff,

    v.                                                                    CAUSE NO. 3:22-CV-317-DRL-MGG

HAWKINS *et al.*,

              Defendants.

OPINION AND ORDER

Anthony Lee Hall, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Hall alleges he sent Officer Hawkins a form requesting the return of various personal items on February 5, 2022.[1] Officer Hawkins responded that he had dropped off the property to D-cellhouse on February 7, 2022. Mr. Hall claims he never saw or received any of the property in the cell. Several days later, he sent a written request to Lt. McCormick asking where his property was and requesting a blanket. Lt. McCormick sent

---

[1] These items consisted of his gray Bible, black shower sandals, a towel, writing paper, envelopes, a comb, dental floss, a puzzle book, and a radio.

him a blanket but did not otherwise respond. On March 6, 2022, Mr. Hall sent Warden Neil a letter requesting his personal items and informing him that he believed Officer Hawkins was lying about his missing property because they had had an argument in July of 2021. The Warden responded that Mr. Hall had received the items from Lt. Moon on February 7, 2022. Mr. Hall insists he did not.

On March 17, 2022, Mr. Hall says he received some clothing, but it was not his own. He also received a used towel, a used sheet, a used t-shirt, a laundry bag, and a washcloth, but most of the items were stained. Mr. Hall requests a total of $44.41 for the cost of his missing black sandals, beige commissary towel, black fleece shorts, and sweatpants.

The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law[.]" However, even the "unauthorized intentional deprivation of an individuals' property by a state employee does not deny the procedural due process guaranteed by the Fourteenth Amendment so long as 'a meaningful postdeprivation remedy for the loss is available.'" *Higgason v. Morton*, 171 Fed. Appx. 509, 512 (7th Cir. 2006) (quoting *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). A state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. *Hudson*, 468 U.S. at 533 ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy."). The Indiana Tort Claims Act provides an adequate

postdeprivation remedy to redress such claims. *Higgason*, 171 Fed. Appx. at 512 (citing *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due.")); *see also* Ind. Code § 34-13-3-1 et seq. Therefore, Mr. Hall has not stated a claim with regard to the loss of his property.

This complaint does not state any claims for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Mr. Hall may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Anthony Lee Hall until **December 28, 2022**, to file an amended complaint; and

(2) CAUTIONS Anthony Lee Hall if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

December 7, 2022                          *s/ Damon R. Leichty*
                                          Judge, United States District Court